UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Oscar Garcia,

                Petitioner,          CV-03-4953 (CPS)

   - against -                        MEMORANDUM OPINION
                                            AND ORDER
United States of America,

                Respondent.

----------------------------------------X

SIFTON, Senior Judge.

      Oscar Garcia was convicted on July 2, 2001, following a jury trial of (1) conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, and (2) possession with the intent to distribute heroin within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a). On January 11, 2002, Garcia was sentenced to a term of imprisonment for 168 months on each count, to run concurrently, and to eight years of supervised release. On September 23, 2003, Garcia filed a petition pursuant to 28 U.S.C. § 2255, to vacate his sentence alleging that he received ineffective assistance of counsel, because counsel failed (a) to adequately explain the government's plea bargain offers; (b) to provide a Spanish interpreter during discussions about the government's plea bargain offer; (c) to adequately explain the functioning of the United States Sentencing Guidelines; (d) to explain to petitioner his right to

1

testify; and (e) to introduce evidence in support of petitioner's defense.  While this motion was pending, on July 26, 2004, Petitioner moved for leave to supplement his § 2255 motion, alleging further that his sentence was enhanced in violation of the Sixth Amendment on the basis of facts not found by a jury, and that trial and appellate counsel were ineffective for failing to raise this point at sentencing and on appeal.  The United States of America, as respondent, opposes Garcia's § 2255 petition and the request to supplement his § 2255 petition.  For the reasons set forth below, Garcia's petition to vacate his sentence as supplemented pursuant to his request is denied.

## BACKGROUND

The following facts are taken from the court records, the transcripts of prior proceedings, and the parties' submissions in connection with the present motion.  Except as otherwise noted, the facts are undisputed.

On February 1, 2001, petitioner Oscar Garcia was arrested by agents of the Drug Enforcement Administration ("DEA") after he was observed delivering heroin to the car of his co-defendant Lilia Grizales.  On March 7, 2001, Garcia was charged by a grand jury with conspiring to distribute and possess one kilogram or more of heroin in violation of 21 U.S.C. § 846 (Count One) and possessing one kilogram or more of heroin with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1)

(Count Two).

On April 17, 2001, the government forwarded a proposed plea agreement to Garcia's attorney, Roy P. Miller ("Miller"). The proposed plea required that petitioner stipulate that count one involved at least one kilogram of heroin. Subsequent to this offer, the DEA Northeast laboratory determined that the net weight of heroin was 998 grams. On April 26, 2001, the Grand Jury returned a superseding indictment amending the amount of heroin alleged in counts one and two. The new count one charged conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin and the new count two charged possession with intent to distribute 100 grams or more of heroin.

On April 28, 2001, the government sent Garcia a revised plea offer ("second plea offer") based on the superseding indictment and estimated that his guideline sentencing range would be 78-97 months. The estimate included a three point downward departure for acceptance of responsibility. On May 4, 2001, Miller met with Garcia for over one hour and explained the government's plea offer. Garcia did not request a Spanish interpreter, although he was provided with an interpreter at all court proceedings. (Resp't Mem. Opp'n, Ex. 3, Decl. of Roy P. Miller, ¶¶ 3-8.) Garcia rejected the plea offer, and signed and dated a statement drafted by Miller which read:

> I have read the entire agreement and
> discussed it with my attorney. I

>     [u]nderstand all of its terms and I refuse
>     and decline to enter a plea of guilty to any
>     of the terms of the agreement.

(*Id.* at 10.)

On May 15, 2001, the grand jury returned a second superseding indictment modifying count two of the previous indictment. The new count two charged Garcia with possession with intent to distribute 100 grams or more of heroin within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a). On May 22, 2001, at the arraignment for the second superseding indictment, the government explained that the defendant now faced a greater penalty than before as a result of the filing of a prior felony information as a result of Garcia's 1997 conviction for heroin possession, which increased the statutory term of imprisonment pursuant to 21 U.S.C. 841(b)(1)(B) to a minimum of 10 years and a maximum of life imprisonment. (Resp't Mem. Opp'n, Ex. 4, 28-29.)

On May 31, 2001, the government made a second plea offer. The offer provided that Mr. Garcia would plead guilty to count one of the second superseding indictment and estimated his guideline range to be 97 to 121 months. On June 3, 2001, Miller met with Garcia again to explain the final plea offer. Again, Garcia rejected the plea offer and signed a statement prepared by Miller which read:

>     I have read the entire agreement and
>     discussed it with my attorney. I

> [u]nderstand all of its terms and I refuse to
> plea guilty and continue to maintain
> innocence.

(Resp't Mem. Opp'n, Ex. 3, ¶¶ 4-5; 12-17.)

During the first trial, Garcia testified that, among other things, he did not carry or deliver anything to his co-defendant Grizales on the day of his arrest. (Resp't Mem. Opp'n, Ex. 6, Tr. 451-453.) Garcia's first trial ended in a mistrial.

At a second trial, the government introduced for the first time a recorded telephone conversation between Garcia and a female friend while Garcia was being held in the Metropolitan Detention Center. Among other things, Garcia told his friend that although he did not know its contents, he did put something into co-defendant Grizales' car, contradicting his testimony in the first trial. (Resp't Mem. Opp'n § 2255 Petition, Ex. 7, Tr. 6, line 4.) Following the advice of defense counsel, Garcia did not take the stand during his second trial.

Garcia was found guilty by a jury at the second trial of (1) conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, and (2) possession with the intent to distribute heroin within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a). After trial, he retained new counsel, Sarita Kedia, for his sentencing and appeal.

Garcia's presentence report recommended that he be

sentenced within a guidelines range of 168 to 210 months based upon a criminal history category of II and a total offense level of 34.  The level was based upon a base level of 30 for offenses involving between 700 grams and 1 kilogram of heroin, a two-point enhancement for a narcotics offense occurring within 1,000 feet of a school pursuant to U.S.S.G. § 2D1.2, and a two-point enhancement for his false testimony during the first trial pursuant to U.S.S.G. § 3C1.1.  On January 11, 2002, Garcia was sentenced at the bottom end of his guidelines to 168 months imprisonment to be followed by eight years of supervised release.

Garcia appealed, arguing (1) that he received ineffective assistance of counsel at trial because counsel (a) did not fully inform Garcia of his right to testify, and (b) failed to present evidence that would have corroborated Garcia's testimony, and (2) that the trial court erroneously (a) admitted evidence from a warrantless search of his car, (b) admitted evidence of his prior narcotics conviction, and (c) imposed the sentencing guidelines enhancements recommended in the pre-sentence report.  On October 11, 2002, the Court of Appeals affirmed Garcia's conviction, concluding that Garcia's counsel was not ineffective because Garcia did not show a reasonable probability that but for counsel's errors, the result of the proceeding would have been different had Garcia testified or had the additional evidence been introduced.  *United States v.*

*Garcia*, 51 Fed. Appx. 325, 328 (2d Cir. 2002). Upon *de novo* review of the two enhancements complained of, the Court of Appeals affirmed the enhancement for a narcotics violation in a protected location because the transaction itself took place in a protected location, thereby increasing the "risk that drugs would become accessible to school children," even though the sale did not directly involve school-age children. *Id*. at 331. With regard to the enhancement for obstruction of justice, the court concluded that the conflict between Garcia's statement under oath and his statements recorded at MDC, as well as the police officers' testimony was "sufficient to justify a sentencing enhancement for obstruction of justice." *Id*.[1]

On September 23, 2003, Garcia moved to vacate his sentence pursuant to 28 U.S.C. § 2255, contending that (1) he received ineffective assistance of counsel, because counsel failed (a) to adequately explain the government's plea bargain offers; (b) to provide a Spanish interpreter during discussions about the governments plea bargain offer; (c) to adequately explain the functioning of the United States Sentencing Guidelines; (d) to explain to petitioner his right to testify;

---

[1] Regarding Garcia's evidentiary challenges, the court ruled that because the search of Garcia's vehicle by the officers was not unreasonable, and therefore lawful, "it was not error to admit evidence obtained from that search." *Id*. at 329. The court further ruled that admitting the evidence of Garcia's prior convictions was not an abuse of discretion because it addressed the question of whether Garcia knew the contents of the bag which he delivered to Grizales.

7

and (e) to introduce evidence in support of petitioner's defense. While this motion was pending, on July 26, 2004, in response to the Supreme Court's decision in *Blakely v. Washington*, Garcia moved for leave to supplement his § 2255 motion, alleging further (2) that his sentence was enhanced in violation of the Sixth Amendment on the basis of facts not found by a jury, nor proven beyond a reasonable doubt, and (3) that trial and appellate counsel were ineffective for failing to raise objections to Garcia's sentence at sentencing and on appeal, under *Apprendi v. New Jersey*.

## DISCUSSION

*Garcia's Apprendi and Blakely Claims*

Garcia contends in his supplement of his original petition that his sentence should be vacated because his sentence was imposed in violation of his Sixth Amendment rights and the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004); and that the failure to raise such objections constituted ineffective assistance of his trial and appellate counsels.

Garcia argues that two two-point enhancements to his sentence, which were imposed by the Court because of (1) the location of the crime within 1,000 feet of a school and (2) his false testimony in his first trial, violated his Sixth Amendment right to trial by jury, citing *Apprendi*, 530 U.S. 466, and

*Blakely*, 542 U.S. 296.[2] Garcia also argues that (3) the amount of drugs for which he was held accountable was not submitted to the jury.

*Retroactivity of Blakely and Booker*

*Blakely v. Washington*, decided, June 24, 2004, held that the Sixth Amendment prohibits the imposition under a state's sentencing guidelines of a sentence greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303. *United States v. Booker*, 125 S.Ct. 738 (2005), decided while Garcia's petition was pending, extended *Blakely's* holding to the Federal Sentencing Guidelines, and is therefore more appropriate to Garcia's claim. However, the Second Circuit Court of Appeals has made it clear that *Booker* and *Blakely* do not apply retroactively to cases, such as Garcia's, that were final when *Booker* was decided. *Guzman v. United States*, 404 F.3d 139 (2d. Cir 2005)(holding that *Booker* established neither a substantive rule nor a watershed rule of procedure necessary to trigger retroactive application); *See also, Varela v. United States*, 400 F.3d 864 (11th Cir. 2005); *McReynolds v. United*

---

[2] Garcia states that although the validity of these two enhancements were raised and rejected on appeal, his appeal was not based on *Apprendi* or *Blakely*, but on the merits of these enhancements. Accordingly, Garcia may challenge the sentencing enhancements on a different ground by way of his § 2255 petition, but only by showing good cause why these arguments were not raised on appeal. *United States v. Pipitone*, 67 F.3d 34 (2d Cir. 1995).

*States*, 397 F.3d 479 (7th Cir. 2005).[3]  Accordingly, Garcia's only grounds for challenging the two two-point enhancements rests on the ruling in *Apprendi*.

*Garcia's Apprendi Claims*

*Apprendi*, which had been decided when Garcia was sentenced, holds that any fact other than that of a prior conviction, that increases a sentence beyond the statutory maximum must be either admitted by the defendant or submitted to the jury and proved beyond a reasonable doubt.  *Apprendi*, 530 U.S. at 478.  Garcia did not challenge his sentence on appeal based upon *Apprendi*, and ordinarily would be barred from raising such a claim on collateral review.  *United States v. Pipitone*, 67 F.3d 34 (2d Cir. 1995).  However, because Garcia asserts that the failure of his appellate counsel to make an *Apprendi* challenge constituted ineffective assistance, and such a claim is not barred in a § 2255 proceeding subsequent to appeal, *see Massaro v. United States*, 538 U.S. 500 (2003), I consider the merits of Garcia's *Apprendi* claims to determine whether his appellate counsel acted reasonably and whether that omission to raise an *Apprendi* claim prejudiced Garcia.  *Strickland v. Washington*, 466 U.S. 668, 687-689, 694 (1984).

---

[3] Nor have district courts in this Circuit applied *Blakely* retroactively to cases that were final as of June 24, 2004, when *Blakely* was decided.  *See, e.g.*, *Estrada v. U.S.,* No. 00-CV-6808, 2005 WL 408044, *1 (E.D.N.Y. February 17, 2005)("all indications are that Blakely does not apply retroactively to either first or successive § 2255 motions, as *Blakely* announced a procedural rule that does not fall within either of the exceptions defined in [*Teague*].")

10

*Apprendi* "appl[ies] only when a sentencing court's findings increase the penalty faced by the defendant above the statutory maximum for a given count and not when they merely affect the length of a sentence within the statutory range." *United States v. White*, 240 F.3d 127, 136 (2d Cir. 2001); *see also Apprendi*, 530 U.S. at 481 ("nothing . . . suggests that it is impermissible for judges to exercise discretion -- taking into consideration various factors relating both to offense and offender -- in imposing a judgment within the range prescribed by statute.). A prior felony information having been filed before trial pursuant to 21 U.S.C. § 851 based on Garcia's 1997 conviction for heroin possession, the statutory range of imprisonment was increased from 5 to 40 years to 10 years to life imprisonment. 21 U.S.C. §§ 841(b)(1)(B); 851.[4] Because Garcia's sentence of 168 months was well within the statutory maximum, his *Apprendi* claim must be rejected.

In addition, the sentencing enhancement for possession of heroin with intent to distribute within 1000 feet of a school was charged in the indictment on count two and was found by the jury beyond a reasonable doubt. Accordingly, the two-point enhancement did not violate Garcia's Sixth Amendment rights as set forth in *Apprendi*, and Garcia's appellate counsel did not act

---

[4] Moreover, because *Apprendi* does not require a prior conviction to be submitted to a jury or admitted by the defendant, the increase in Garcia's criminal history category based on his prior felony does not implicate *Apprendi*. *Apprendi*, 530 U.S. at 490.

11

unreasonably by failing to challenge Garcia's sentence on these grounds.

Third, although the second enhancement for Garcia's false testimony pursuant to § 3C1.1 of the Sentencing Guidelines was not found by the jury, based upon the trial transcript and the tape recorded conversation, I concluded that Garcia had perjured himself beyond a reasonable doubt. The enhancement for obstruction of justice based on his perjured testimony did not increase his sentence beyond the statutory maximum, but merely increased the range within which Garcia's sentence was determined. At the time of his appeal, this Circuit interpreted *Apprendi* to require that facts be submitted to a jury only "when a sentencing court's findings increase the penalty faced by the defendant above the statutory maximum for a given count and not when they merely affect the length of a sentence within the statutory range." *White*, 240 F.3d at 136 (2d Cir. 2001). Furthermore, the Court of Appeals affirmed the enhancement, concluding that this "well-founded finding that Garcia intentionally committed perjury was sufficient to justify a sentencing enhancement for obstruction of justice." *Garcia*, 31 Fed.Appx. 325, 331 (2002). Accordingly, Garcia's appellate counsel did not act unreasonably for failing to challenge his sentence on this ground, and such omission did not prejudice Garcia's sentence in the ultimate imposition of his sentence.

Lastly, Garcia claims that the amount of drugs should have been submitted to the jury. The Second Circuit Court of Appeals recently held that

> [D]rug quantity is an element that must always be pleaded and proved to a jury or admitted by a defendant to support conviction or sentence on an aggravated offense under § 841(b)(1)(A) or -(b)(1)(B). If a defendant is convicted only on a lesser unquantified drug charge, he must be sentenced pursuant to § 841(b)(1)(C), which generally provides no mandatory minimum sentence.

*United States v. Gonzalez*, 420 F.3d 111, 131 (2d Cir. 2005). Garcia was convicted of conspiring to distribute and to possess with intent to distribute 100 grams or more of heroin, and with possessing with intent to distribute 100 grams or more of heroin within 1,000 feet of a school.[5] Although the indictments charged Garcia with offenses involving 100 grams or more of heroin, and his sentence was ultimately based upon a quantity of 700 grams to 1 kilogram, at trial, Garcia stipulated that the amount seized was 998 grams, which was consistent with DEA Laboratory Report. (Resp't Mem. Opp'n, 5.) Therefore, Garcia was not prejudiced by the fact that the jury did not specifically make this finding at trial. *See United States v. White*, 240 F.3d 127, 134 (2d Cir.

---

[5] The base offense level for this amount is 26 which, adjusted for a criminal history category of II, carries a sentencing range of 70-87 months. The two two-point enhancements raised the sentencing range to 87-108 months, and 108-135 months. The base level at which he was convicted, based on an amount between 700 grams and one kilogram was 30, carries a sentencing range of 108-135 months. The two two-point enhancements raised the sentencing range to 135-168 months and 168-210 months.

13

2001) (defendant's stipulation to a drug quantity that triggers a higher statutory minimum renders a jury finding on the issue unnecessary); *United States v. Champion*, 234 F.3d 106, 110 & n. 3 (2d Cir. 2000) (per curiam) (same); *United States v. Thomas*, 274 F.3d at 671 (distinguishing Thomas's case from those of defendants who "stipulate or allocute to the drug quantity used to enhance [a] sentence")). Accordingly, Garcia's counsel did not act unreasonably for failing to challenge his sentence as to the quantity of drugs, and such failure did not prejudice Garcia's sentence.

*Ineffective Assistance of Counsel for Failing to Raise an Apprendi Challenge on Appeal*[6]

A defendant who alleges a Sixth Amendment violation must overcome a strong presumption that counsel's conduct was reasonable, and must demonstrate both that his counsel's performance fell below an objective standard of reasonableness, and a reasonable probability that but for the deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-689.

Garcia contends that his counsel for sentencing and his

---

[6] Garcia's ineffective assistance of counsel claims not raised on direct appeal may be raised in his § 2255 petition. *Massaro v. United States*, 538 U.S. 500 (2003)("failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.") As will be discussed below, those ineffective assistance of counsel claims rejected by the Court of Appeals on direct appeal are procedurally barred from being considered in this § 2255 motion.

14

appeal, Sarita Kedia, was ineffective for failing to object to his sentence on *Apprendi* grounds or raise the issue on appeal. As discussed above, to prevail, petitioner must demonstrate both that his counsel's performances fell below an objective standard of reasonableness, and a reasonable probability that but for the deficient performance, the trial or sentencing would have been different. *Strickland*, 466 U.S. at 687-689, 694.[7]

For the reasons stated above, the controlling law at the time of Garcia's sentencing was that *Apprendi* did not apply because the enhancements did not increase his sentence above the statutory maximum. *See, e.g., White*, 240 F.3d at 136; *United States v. Thomas*, 274 F.3d 655, 664 (2d Cir. 2001)(*en banc*). Accordingly, Garcia's counsel cannot be said to have acted unreasonably for not challenging or appealing Garcia's sentence based on *Apprendi*.

Furthermore, Garcia's sentence was within the statutory range even without the enhancements, and as explained above only those facts which increase the sentence beyond the statutory maximum must be presented to a jury and proven beyond a reasonable doubt under this Circuit's interpretation of *Apprendi*. *United States v. Norris*, 281 F.3d 357, 361 (2d Cir. 2002); *see also Apprendi*, 530 U.S. at 481. Accordingly, the failure to

---

[7] The Strickland test is also applied to claims of ineffective appellate counsel. *Claudio v. Scully*, 982 F.2d 798, 803 (2d Cir. 1992).

raise an *Apprendi* claim at sentencing or on appeal did not prejudice Garcia.

*B. Ineffective Assistance with Respect to Garcia's Plea Agreement*

In addition, Garcia alleged in his original petition that counsel was ineffective for failing (a) to fully explain the government's plea offer; (b) to provide a Spanish interpreter to explain the plea; (c) to explain the Federal Sentencing Guidelines; (d) to fully explain petitioner's right to testify at trial; and (e) to introduce other evidence in support of petitioner's defense.

"Effective assistance of counsel includes informing defendant as to what pleas should be entered. *Boria v. Keane*, 99 F.3d 492 (2d Cir. 1996)(citing *United States v. Villar*, 416 F.Supp. 887, 889 (S.D.N.Y. 1976)). Adequate counsel is expected to "inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed." *Purdy v. United States*, 208 F.3d 41, 45 (2d Cir. 2000). Garcia alleges that had he been properly informed that a guilty plea would result in a sentence of 78-97 months, he "would have pled guilty instead of going to trial." (Pet'r §2255 Motion, Sept. 2003, at 3.)

When a petitioner alleges that ineffectiveness of counsel resulted in petitioner's refusing a plea offer, under the

16

second prong of *Strickland*, he "must demonstrate a reasonable probability that but for Counsel's errors in considering or explaining a plea offer, he would have accepted the prosecution's offer." *Aeid v. Bennett*, 296 F.3d 58, 63 (2d Cir. 2002)(citing *Aeid v. Bennett*, 178 F.Supp. 2d 186, 196 (N.D.N.Y. 2002)); *Gluzman v. United States*, 124 F.Supp.2d 171, 177 (S.D.N.Y. 2000). "In making this prediction, courts have been skeptical of accepting a defendant's self-serving, post-conviction statements that he would have pleaded guilty if properly advised of the consequences by his attorney." *Gluzman*, 124 F.Supp.2d at 177 (citing *Johnson v. Duckworth*, 793 F.2d 898, 902 n.3 (7th Cir.), *cert. denied*, 479 U.S. 937 (1986)). While in custody and awaiting trial, Garcia conveyed to an unidentified woman that he faced a minimum sentence of five years if convicted, and that he was willing to "go to trial. Because I'm going to fight because I have nothing to do with [the crime]." (Resp't Mem. Opp'n, Ex. 7, Tr. 17, line 13). He provides no explanation why he would plead guilty if he faced a sentence of between six and seven years but would not plead guilty when facing a sentence of five years. Considering all the circumstances, I find it unlikely that petitioner would have pled guilty if advised (assuming he was not) that the minimum sentence under his guidelines would have been six to seven years rather than five. *See Hoffman v. Herbert*, No. 02-CV-0605, 2006 WL 1888603, *3 (W.D.N.Y. July 7,

2006)(citing *Hoffman v. Herbert*, No. 05-0735, Summary Order of April 10, 2006, at 2-3, 2006 U.S.App. LEXIS 9447 (2d Cir. 2006)(quoting *Morris v. Reynolds*, 264 F.3d 38, 47 (2d Cir. 2002)).

*C. Ineffective Assistance with Respect to Garcia's Right to Testify and Submission of Additional Evidence at Trial*

Garcia also contends that counsel failed to inform him of his right to testify in the second trial, and that counsel failed to introduce certain evidence that would have corroborated Garcia's testimony of an alternative explanation of what occurred. Both claims were raised and rejected on direct appeal, and are therefore barred from forming the basis of a § 2255 petition. "It is well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'" *U.S. v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001) (quoting *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir. 1992)). With regard to his testimony, the Court of Appeals concluded that Garcia "cannot show that there is a reasonable probability that the result of the proceeding would have been different had he testified...Indeed, under the circumstances, Garcia's not taking the stand may well have been the preferable course." *United States v. Garcia*, 51 Fed.Appx. 325 (2d Cir. 2002). With respect the failure to present certain evidence at trial, the Court of Appeals concluded that it "would not likely

18

have been persuasive," and rejected this argument to show ineffectiveness of his trial counsel. Accordingly, Garcia's claims that his counsel was ineffective for failing to advise him to testify at trial or present certain evidence are procedurally barred from his § 2255.

**CONCLUSION**

For the foregoing reasons, petitioner's request to vacate his sentence pursuant to 28 U.S.C. § 2255 is denied, and petitioner is denied a certificate of appealability because he has not made "a substantial showing of the denial of a constitutional right." *Reyes v. Keane*, 90 F.3d 676, 680 (2d Cir. 1996).

The Clerk is directed to mail a copy of this decision to petitioner and counsel for the respondent and to enter judgment denying the petition.


SO ORDERED.

Dated :   Brooklyn, New York
          July 17, 2006


                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge