```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
```

Oscar Garcia,

        Petitioner,         CV-03-4953 (CPS)

  - against -               MEMORANDUM OPINION
                            AND ORDER

United States of America,

        Respondent.

```
------------------------------X
```

SIFTON, Senior Judge.

Oscar Garcia ("Garcia") was convicted on July 2, 2001, following a jury trial of (1) conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, and (2) possession with the intent to distribute heroin within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a). On January 11, 2002, Garcia was sentenced to a term of imprisonment for 168 months on each count, to run concurrently, and to eight years of supervised release. On July 17, 2006, I denied a petition pursuant to 28 U.S.C. § 2255[1] and denied Garcia a certificate of appealability. In that decision,

---

[1] In his § 2255 petition, Garcia alleged that he received ineffective assistance of counsel, that his sentence was enhanced in violation of the Sixth Amendment on the basis of facts not found by a jury, and that trial and appellate counsel were ineffective for failing to raise this point at sentencing and on appeal.

I ordered the Clerk of Court to mail a copy of the decision to Garcia and to the government, and "to enter judgment denying the petition." *Garcia v. United States*, No. CV-03-4953 (E.D.N.Y. July 17, 2006). On October 15, 2006, Garcia filed a notice of appeal with the Second Circuit Court of Appeals, in which he states that he received the July 17, 2006 decision on October 11, 2006. On February 27, 2007, the Court of Appeals remanded this case to this court "with instructions to construe [Garcia's] notice of appeal as a motion to reopen the time to file an appeal and to consider whether such motion should be granted." *Oscar Garcia v. United States*, No. 03-CV-4953 (2d Cir. February 27, 2007). For the reasons set forth below, petitioner's notice of appeal is treated as a motion to reopen his time to file an appeal and as such, is granted. The Clerk is directed to file a notice of appeal from the denial of his petition forthwith and to mail a copy of this decision to petitioner and respondent.

## Discussion

When the United States is a party to a civil case, notice of appeal "may be filed by any party within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B). When a Section 2255 motion has been denied, "the 60-day time for appeal [runs] from the entry of the order denying [the] section 2255 motion." *Williams v. United States*, 984 F.2d

28, 30 (2d Cir. 1993) (finding that time runs from entry of order rather than entry of judgment "[s]ince no judgment was required to be entered").

> Under Federal Rule of Appellate Procedure 4(a)(6),
>
> the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.[2]

Fed. R. App. P. 4(a)(6). Federal Rule of Civil Procedure 77(d) provides in pertinent part that

> [i]mmediately upon the entry of an order or judgment the clerk shall serve a notice of the entry in the manner provided for in Rule 5(b) . . . , and shall make a note in the docket of the service . . . . Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.

Fed. R. Civ. Proc. 77(d).

---

[2] The Advisory Committee Notes for Rule 4 define "prejudice" in this context as "some adverse consequences other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." Advisory Committee Note, Fed. R. App. P. 4 (1991 Amendment).

"While Rule 4(a)(6) puts the burden on the moving party to demonstrate non-receipt, the rule does not mandate a strong presumption of receipt." *Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995).[3]  Generally, "[a]ll that a party seeking to demonstrate non-receipt can normally do is to submit affidavits regarding the usual practice of opening mail and actions consistent with non-receipt and an intent to file an appeal." *Id.*  Returned envelopes or "other indications of failed delivery" are helpful, though they are not always available. *Id.* Where a party states that he eventually received a copy of the order, he may submit a copy of the envelope in which he received the order if the envelope's postmark demonstrates that the order was received late. *See Cordon v. Greiner*, 274 F.Supp.2d 434, 437-38 (S.D.N.Y. 2003).

The government concedes that it would not be prejudiced by this court's reopening the time to file an appeal.  The only issue concerns when Garcia actually received the Court's July 17, 2006 decision.  If he received it within 21 days of the decision's entry, then he cannot meet the first prong under Rule 4(a)(6) and his motion must be denied.  If he filed his motion within seven days of receipt, then his motion must be granted.

---

[3] Where "the order itself and the docket show notations that notice was mailed," and "no letter [is] returned by the post office," receipt may be presumed. *Id.*  In this case, because the docket does not show that the Clerk mailed the July 17, 2006 decision to Garcia, I cannot presume that Garcia received the order.

Petitioner asserts in his notice of appeal that he did not receive the July 17, 2006 order until October 11, 2007. He filed his notice of appeal within seven days from the date he states he received notice of the order. He has not submitted a sworn affidavit regarding the practices of receiving mail in support of his assertion that he received the order on October 11, 2007. He also has not submitted a copy of the envelope in which he eventually received the copy of the decision. I note, however, that the docket shows that a subsequent mailing to Garcia, sent by the Clerk and postmarked April 13, 2007, was returned as undeliverable. Given that not all mailings from this Court have reached the petitioner, that there is no record on the docket of when the Clerk sent notice of the decision to Garcia, and in light of the appellate court's reminder that courts must read *pro se* submissions to raise the strongest claims they suggest, *see Oscar Garcia v. United States*, No. 03-CV-4953 (2d Cir. February 27, 2007) (citing *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475-76 (2d Cir. 2006)), I conclude that petitioner's burden to demonstrate late receipt has been met. Accordingly, petitioner's motion to reopen the time to file a notice of appeal is granted.

**Conclusion**

Petitioner's motion to reopen the time to file a notice of appeal is granted. The Clerk is directed to file a notice of appeal from the denial of his petition forthwith and to mail a copy of this decision to petitioner and respondent.

SO ORDERED.

Dated:   Brooklyn, New York
         May 24, 2007

                          /s/ Charles P. Sifton (electronically signed)
                               United States District Judge